AO 91 (Rev. 11/11)   Criminal Complaint

# UNITED STATES DISTRICT COURT
for the
Southern District of Indiana

**SEALED**

| | | |
|---|---|---|
| United States of America | ) | |
| v. | ) | |
| MARIO EDGARDO RIVAS-HERNANDEZ | ) | Case No. |
| | ) | 1:26-mj-0125-MKK |
| | ) | |
| | ) | |
| | ) | |
| *Defendant(s)* | | |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of _February 10, 2025_ in the county of _Marion_ in the _Southern_ District of _Indiana_, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 8 USC 1326 (b)(2) | The above-named defendant, an alien, was found in the United States after having been removed from the United States, subsequent to an aggravated felony conviction, and not having obtained the express consent of the Secretary of Homeland Security to reapply for admission to the United States; in violation of Title 8, United States Code, Section 1326(a) and (b)(2). |

This criminal complaint is based on these facts:

See attached Affidavit.

☑ Continued on the attached sheet.

/s/ William A. Birkofer
*Complainant's signature*

SA William A. Birkofer, HSI
*Printed name and title*

Attested to by the applicant in accordance with the requirements of Fed.R.Crim.P. 4.1 by _telephone_ *(reliable electronic means)*

Date: _02/18/2026_

City and state: _Indianapolis, Indiana_

M. Kendra Klump
United States Magistrate Judge
Southern District of Indiana

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA,<br>*Plaintiff,*<br><br>V.<br><br>MARIO EDGARDO RIVAS-<br>HERNANDEZ ,<br><br>*Defendant.* | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Cause No.  1:26-mj-0125-MKK |

**AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT**

I, William Birkofer, being duly sworn, hereby state as follows:

1.   I am a Special Agent (SA) with the United States Department of Homeland Security (DHS), Homeland Security Investigations (HSI), currently detailed to Immigration and Customs Enforcement (ICE), Enforcement and Removal Operations (ERO), and have been so employed since September of 2025.   I am a "federal law enforcement officer" within the meaning of Federal Rule of Criminal Procedure 41(a)(2)(C), that is, a government agent engaged in enforcing the criminal laws and duly authorized by the Attorney General to request a search warrant.

2.   I was employed by the U.S. Customs Service as a Special Agent from June of 1989 through August of 2002 and transferred to the U.S. Postal Inspection Service as a U.S. Postal Inspector from August of 2002 through March of 2010. In March 2010, I joined my former agency under the newly formed Department of Homeland Security as a Special Agent with HSI, where I remained until

retirement in November 2022. In September of 2025, I returned as a ("rehired annuitant") Special Agent with HSI to the present date. I am currently assigned to HSI in Indianapolis, Indiana, and detailed to ERO.  I have a Bachelor of Science degree from Indiana State University in Terre Haute, Indiana. I am a graduate of the Federal Law Enforcement Training Center at Glynco, Georgia. I am authorized to perform investigations into violations of Immigration and Customs law pursuant to the Homeland Security Act of 2002.

3.  I am currently responsible for enforcing and investigating violations of the Immigration and Customs laws of the United States, including Sections 8, 18, 19, 21, 22, and 50 of the United States Code. I have personally conducted and/or assisted in numerous criminal investigations involving human smuggling violations and illegal reentry, among the many other investigative areas of responsibility that HSI is responsible for. I have testified in judicial proceedings and prosecutions for violations of federal criminal law. I have participated in debriefings and interviews with defendants, witnesses, informants (confidential sources), and others with knowledge of how international smuggling and transportation of individuals operate. I have prepared and reviewed numerous investigative reports and interviews related to the reentry of illegal aliens.

4. I am familiar with and have participated in normal methods of investigation, including, but not limited to, visual surveillance, law enforcement database queries, the general questioning of witnesses, the use of informants, and the use of material witnesses or previously deported aliens. My experience

and training enable me to recognize methods and means used for human smuggling and reentry of illegal aliens in the United States.

5.    All of the statements and information contained in this affidavit are based upon my review of investigative reports prepared by law enforcement officers with knowledge of the facts recited; upon my conversations with law enforcement officers having personal knowledge of the pertinent facts; and upon my review of official documents and records maintained by the United States.  The facts in this affidavit come from my personal observations, my training and experience, and information obtained from other agents and witnesses.

6.    This Affidavit is submitted in support of a Criminal Complaint and request for an arrest warrant charging Mario Edgardo RIVAS-Hernandez ("RIVAS-Hernandez") with Reentry of a Removed Alien in violation of 8 U.S.C. §§ 1326(a) and (b)(2). This affidavit is intended to show merely that there is sufficient probable cause for the requested complaint and arrest warrant and does not set forth all my knowledge about this matter. I have set forth only the facts that are believed to be necessary to establish the required foundation for the issuance of the requested warrant.

7.    Based on my training and experience in the investigation of federal immigration laws and my investigation of the facts outlined below, I have probable cause to believe that RIVAS-Hernandez is unlawfully present in the United States after having been previously removed from the United States, in violation of 8 U.S.C. §§ 1326(a) and (b)(2).

3

## PROBABLE CAUSE

8.    RIVAS-Hernandez is a citizen of Honduras by birth, born in Honduras on March 21, 1966. RIVAS-Hernandez is neither a citizen nor a national of the United States.

9.    On February 10, 2025, at approximately 9:00 PM, Indiana State Police (ISP) Trooper S. Miller was dispatched to assist a motorist on Interstate 65 Southbound near mile marker 120.2 near Indianapolis. Upon arrival, Trooper Miller observed a 2009 Black Toyota Scion (bearing no registration plate) loaded onto a trailer attached to a Blue Toyota Tundra truck bearing Indiana license number 911I934.  Trooper Miller saw two Hispanic males near the trucks and trailer who were later identified as Miguel Meija Velasquez (DOB 12/18/1978) and MARIO RIVAS-Hernandez (DOB 03/21/1966).

10. Trooper Miller contacted the two men and asked what was going on. RIVAS-Hernandez stated that he was picking up his vehicle, which he stated had been stolen and left on the side of I65. The Scion did not have a license plate, so Trooper Miller asked RIVAS-Hernandez for identification and documents showing ownership of the car.  RIVAS-Hernandez handed Trooper Miller an expired Honduran identification card and stated that he had no registration paperwork for the Scion.  Trooper Miller ran the Scion through the Indiana Bureau of Motor Vehicles database and learned the license return was canceled, indicating the Scion was currently considered unregistered in the State of Indiana.

4

11. Trooper Miller became a bit suspicious of the situation and inquired further, asking MEJIA-Velasquez for identification, to which he provided the trooper a Honduran passport and stated he did not have a driver's license. Trooper Miller ran further computer inquiries to further identify both gentlemen, but was unable to get a return for either. Trooper Miller asked MEJIA-Velasquez where he resided with the intent of citing him for Operation of Motor Vehicle without Ever Receiving a License. MEJIA-Velasquez could not tell Trooper Miller where he lived. Trooper Miller contacted ICE-trained ISP Officers to further assist with the investigation. Due to the aforementioned inquiry by Trooper Miller, both RIVAS-Hernandez and MEJIA-Velasquez were detained, and their vehicles were impounded for operating a vehicle without obtaining a license.

12. During the inventory of the Toyota Tundra, a handgun was located between the driver's seat and the center seat cushions. Suspected marijuana was located underneath the passenger seat. A pill bottle containing a white powder-like substance that later field-tested positive for the presence of methamphetamine was located in a DoorDash bag in the passenger seat rear storage pocket. Also, a small baggie was found on the passenger side floorboard of the Scion containing a pink crystal-like substance that field-tested positive for the presence of methamphetamine. Trooper Miller transported MEJIA-Velasquez to the Marion County Jail where he was booked for possession of a controlled substance and weapons possession.

13. RIVAS-Hernandez was transported for an ICE hold without incident and is currently in custody at the Clay County, Indiana, Detention Center.

5

14. After his arrest, RIVAS-Hernandez was fingerprinted as part of the routine booking process. The Indiana State Police (ISP) submitted the fingerprints to the State Identification Bureau (SIB).  The SIB electronically transmitted the fingerprints to the Federal Bureau of Investigation (FBI), Criminal Justice Information Services (CJIS) Division, which generated a biometric Immigration Alien Query (IAQ) that was submitted to the ICE Law Enforcement Support Center (LESC). The biometric IAQ was found to be a match to RIVAS-Hernandez's pre-existing immigration and criminal records, and an Immigration Alien Response (IAR) was forwarded to the ISP and the Indianapolis ERO office for further review.

15. Records revealed that RIVAS-Hernandez has prior immigration and criminal history:

    a. On November 4, 2003, an Immigration Judge out of Chicago, Illinois, ordered RIVAS-Hernandez removed from the United States.

    b. On July 21, 2005, RIVAS-Hernandez was convicted in Marion County, Indiana, for Dealing in Cocaine, under cause number 49-G20-0411-FB-204619 and was sentenced to a ten-year term of incarceration.

    c. On March 23, 2006, RIVAS-Hernandez was physically removed from the United States at Alexandria, Louisiana, via "JPATS" air to Honduras, as reflected in the Warrant of Removal/Deportation, Form I-205. (first removal)

d. On February 27, 2007, a Warning to Alien Ordered Removed or Deported, Form I-294, was served on RIVAS-Hernandez stating that RIVAS-Hernandez was prohibited from entering or being in the United States at any time because he had been found inadmissible and ordered removed after having been convicted of a crime designated as an aggravated felony, dealing cocaine, in 2005.

e. On March 22, 2007, RIVAS-Hernandez was physically removed from the United States to Honduras, from Chicago, Illinois, via Mexicana Air, Flight #805, as stated in a Warrant of Removal/Deportation, Form I-205. (second removal)

16. RIVAS-Hernandez was found in the United States without obtaining the express consent from the Secretary of Homeland Security to reapply for admission to the United States following his prior removal order. No application to request such consent was found in files on behalf of RIVAS-Hernandez at the Office of Citizenship and Immigration Services.

17. RIVAS-Hernandez is prohibited from entering, attempting to enter, or being in the United States.

18. RIVAS-Hernandez is a citizen and national of Honduras, who has been previously removed from the United States and is an illegal alien found in the United States with no authorization or legal status to be present in the United States.

19. Based upon my training, experience, and participation in other investigations, and based on the facts revealed in this investigation, I believe that

7

sufficient probable cause exists to demonstrate that RIVAS-Hernandez was found in the United States, after being removed subsequent to an aggravated felony conviction, and not having obtained the express consent of the Secretary of Homeland Security to reapply for admission to the United States, in violation of 8 U.S.C. §§ 1326(a) and (b)(2).

20. Your affiant, therefore, submits this affidavit in support of a criminal complaint against the individual identified above, and is further requesting that an arrest warrant be issued.

/s/ *William A. Birkofer*
William A. Birkofer, Special Agent
Homeland Security Investigations

Attested to by the applicant in accordance with the requirements of Federal Rules of Criminal Procedure 4.1 and 41(d)(3) by reliable electronic means.

Date: 02/18/2026



M. Kendra Klump
United States Magistrate Judge
Southern District of Indiana

8